UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TONI LEMLY AMBERGE and**  **CIVIL ACTION**
**BRANDON XAVIER AMBERGE**

**NO. 10-3314**
**VERSUS**

**SECTION "C"(1)**
**JERRY LAMB, FRANK LAMB and**
**AMICA MUTUAL INSURANCE CO.**

**ORDER AND REASONS**

Before the Court is Amica Mutual Insurance Company's ("Amica") Motion for Summary Judgment filed by Defendant. (Rec. Doc. 46). Plaintiffs oppose the motion. (Rec. Doc. 50). Having reviewed the record, memoranda of counsel, and the applicable law, Amica's motion is DENIED for the following reasons.

**I. Background**

The facts of this case were previously described in this Court's April 14, 2011 Order and Reasons. (Rec. Doc. 49). In the present motion, Amica seeks to avoid Defendants' insurance coverage on the grounds that Defendants' misrepresented the events surrounding their alleged accident, as well as the extent and causation of their injuries. (Rec. Doc. 46-1 at 1-7).

**II. Law & Analysis**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001).

1

When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

As this case was removed to this Court on the basis of diversity jurisdiction, the question of whether Amica may avoid Defendants' insurance coverage must be decided by Louisiana law. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (when sitting in diversity, a federal court applies state substantive law). Furthermore, neither party disputes that Louisiana's substantive law controls the present dispute.

Under Louisiana law an insurer may only avoid coverage on grounds of material misrepresentation if: "(1) the statements made by the insured were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements materially affected the risk assumed by the insurer." *Dean v. State Farm Mut. Auto. Ins. Co.*, 975 So.2d 126, 133 (La. App. 4 Cir. 1/16/2008) (citing *Cousin v. Page*, 372 So.2d 1231, 1233 (La.1979)).

Amica bases its present motion on various inconsistencies between Plaintiffs' medical

2

records and their deposition testimonies. (Rec. Doc. 46-1 at 1-7). While the Court does find some of Plaintiffs' statements inconsistent with their prior medical records, Amica has failed to establish that these inconsistencies were caused by an "actual intent to deceive" rather than failures of recollection or comprehension. While direct proof of intent to deceive is difficult to obtain, this Court does not find the misrepresentations at issue to be so egregious as to justify a presumption of an intent to defraud. *See Grenoble House Hotel v. Hanover Ins. Co.*, 2010 WL 2985789 at *3 (E.D.La. 2010) (holding that under *Cousin v. Page*, 372 So.2d 1231, 1213 (La.1979), intent to defraud must be determined by the surrounding circumstances). The Court notes that Plaintiffs provided Amica with their medical records on January 29, 2010, and were deposed only on October 1, 2010. (Rec. Doc. 56-2 at 2). As a result, this Court will not presume that Plaintiffs' misstatements at their depositions were offered with an intent to deceive, as Plaintiffs presumably knew that Amica had unfettered access to their medical records, which in turn would make lying about their medical histories futile and potentially counterproductive. Therefore, there is a genuine issue of material fact as to whether Plaintiffs' misstatements were intended to deceive Amica, which precludes summary judgment. Fed. R. Civ. P. 56

### III. Conclusion

Accordingly,

IT IS ORDERED that Amica's Motion for Summary Judgment is DENIED. (Rec. Doc. 46).

New Orleans, Louisiana, this 26th day of May, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE