UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONI LEMLY AMBERGE and** <br> **BRANDON XAVIER AMBERGE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-3314** |
| **JERRY LAMB, FRANK LAMB, and** <br> **AMICA MUTUAL INSURANCE COMPANY** | **SECTION: "C" (1)** |

## ORDER AND REASONS[1]

Before the Court is a Motion for Reconsideration,[2] filed by Defendant Amica Mutual Insurance Company ("Amica"). (Rec. Doc. 70). Plaintiffs Toni Lemly Amberge and Brandon Xavier Amberge oppose. (Rec. Doc. 73). Based on the record in this case, the memoranda by parties, and the applicable case law, Defendant's motion is DENIED for the following reasons.

## I. LAW AND ANALYSIS

The facts of this case were set forth by the Court in its Order and Reasons granting Plaintiff's Motion for Partial Summary Judgment, and will not be repeated herein. (Rec. Doc. 49). Defendant seeks reconsideration of the Court's Order and Reasons denying Defendant's Motion for Summary Judgement as it sought to avoid Plaintiff's insurance coverage on the grounds that Plaintiffs misrepresented the events surrounding their alleged accident, as well as the extent and causation of their injuries. (Rec. Docs. 67; 70). Alteration or amendment of a previous ruling under Federal

---

[1] Max Weiss, a second-year student at Tulane University Law School, assisted in preparing this Order.

[2] Amica titled its motion "Motion for New Trial." However, as there has been no trial in this matter, the Court will treat that document as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). *See Volvo Truck North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 2009 WL 2496556 (E.D.La. 2009) (Lemelle, J.).

Rules of Civil Procedure Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004). This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000) (Clement, J.).

In its Motion for Summary Judgement, Amica sought to avoid coverage of injuries sustained by Plaintiffs based on a "misrepresentation defense." (Rec. Doc. 46). This defense requires that Amica show that: (1) the statements made by Plaintiffs were false; (2) the misrepresentations were made with the actual intent to deceive; and (3) the misstatements were material to the risk assumed by the insurer. *Dean v. State Farm Mut. Auto Ins. Co.*, 975 So.2d 126, 132 (La. Ct. App. 2008) (citing *Cousin v. Page*, 372 So.2d 1231, 1233 (La. 1979)). This Court denied the motion based on a genuine issue of material fact regarding whether there was an actual intent to deceive. (Rec. Doc. 67). Amica believes that this Court misapplied the standard of "intent." (Rec. Doc. 70-2 at 2). Amica claims that this Court erroneously required it to establish that Plaintiffs' inconsistencies were caused by "actual intent to deceive," rather than demonstrating that "circumstances indicate[d that] Plaintiffs recognized the materiality of their misrepresentations." *Id.* at 6; *Cousin*, 372 So.2d at 1233. Given this distinct and allegedly correct standard, Amica argues that based on the evidence, the Court improperly determined that it did not carry it's burden of proof for establishing the necessary intent to deceive. (Rec. Doc. 70-2). This Court disagrees.

Amica fails to raise any new issue of fact or law, let alone error that would meet the "manifest error" threshold. *Waltman*, 875 F.2d at 473. Amica fails to demonstrate a significant

2

difference between the purportedly distinct legal standards of "intent to deceive," and this Court fails to find one. Even assuming there is a significant difference in these analyses and the result of their application, an examination of the circumstances surrounding Plaintiffs' alleged misstatements does not immediately compel a conclusion that there was an intent to deceive; issues of fact regarding the information Plaintiffs provided or the lack thereof still remain. Indeed, summary judgement is generally improper in cases involving intent to deceive or fraud "because the intent requested to establish fraud is a factual question 'uniquely within the realm of the trier of fact because it so depends on the credibility of witnesses.'" *Rimade Ltd. v. Hubbard Enters., Inc.,* 388 F.3d 138, 144 (5th Cir. 2004) (quoting *Beijing Metals & Minerals v. Am. Bus. Ctr.*, 993 F.2d 1178, 1185 (5th Cir. 1993)); *D & J Tire Inc. v. Hercules Tire & Rubber Co.*, 598 F.3d 200, 205 (5th Cir. 2010). Because Defendant fails to present new evidence, intervening changes in controlling law, or manifest errors of law or fact, Defendants 's Motion for Reconsideration is insufficient to merit relief under Rule 59(e). (Rec. Doc. 70); *Waltman*, 875 F.2d at 473.

## II. CONCLUSION

. Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (Rec. Doc. 70) is DENIED.

New Orleans, Louisiana, this 2nd day of August, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

3