# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**TONI LEMLY AMBERGE, et al**         **CIVIL ACTION**

**VERSUS**        **NO: 10-3314-HGB-SS**

**JERRY LAMB, et al**

## ORDER

DEFENDANT'S' MOTION FOR PROTECTIVE ORDER (Rec. doc. 116)

**GRANTED IN PART AND DENIED IN PART**

The defendant, Amica Mutual Insurance Company ("Amica"), seeks a protective order concerning discovery sought by the plaintiffs, Toni Lemly Amberge and Brandon Xavier Amberge. The plaintiffs submitted an opposition. Rec. doc. 125. Amica submitted a reply. Rec. doc. 134.

Through interrogatories, requests for production of documents and a Fed. R. Civ. P. 30(b)(6) deposition, Amica reports that the plaintiffs seek the following:

1. Personnel files and performance reviews concerning all claims handlers involved in the plaintiffs' claims and their supervisors.

2. Information concerning trial and deposition testimony provided in the past five years by any claims adjuster, manager or supervisor involved in the handling of plaintiffs' claims;

3. Production of training manuals, employee handbooks, orientation materials, and other claims handling materials.

4. Amica's claim file concerning this incident.

5. Claims file materials from claims filed in the past by these plaintiffs.

Rec. doc. 116 at 4-5.

For the reasons cited by Amica, the motion for a protective order is granted as to all discovery referred to in Amica's motion except:

a. Request for production ("RFP) no. 19 from plaintiffs' second request. This RFP concerns all claims file materials, including log notes, depositions, statements, medical records, IMEs, pertaining to claims filed in the past by the two plaintiffs with AMICA.

b. Category no. 16 from the Rule 30(b)(6) deposition notice concerning communications relating to oral statements taken of the two plaintiffs on January 20, 2010.

c. Category no. 17 from the Rule 30(b)(6) deposition notice seeking the entire claim file for this incident.

**Within fourteen (14) calendar days of the entry of this order**, Amica shall produce all documents responsive to RPF no. 19 and Category nos. 16 and 17 and a privilege log for all documents that it contends are protected from disclosure. Counsel shall meet and confer on any issues concerning the documents identified in the privilege log. If these issues cannot be resolved, Amica shall file a motion for a protective order and submit the disputed documents for *in camera* inspection. After the resolution of the privilege log issues, Amica shall produce a representative designated to testify concerning the documents produced pursuant to this order and any order concerning the privilege log as well as categories No. 16 and 17.

IT IS ORDERED that Amica's motion for protective order (Rec. doc. 116) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 9th day of December, 2014.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**